IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

KYLE LEE GRAHAM                                                                          PLAINTIFF

v.                                          Civil No. 3:25-cv-03074-CDC

TURN KEY HEALTH; TURN KEY                                                          DEFENDANTS
HEALTH PROVIDER NEWCOMB; BOONE
COUNTY JAIL; and JAIL
ADMINISTRATOR NATHAN JENKINS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Kyle Lee Graham filed this action alleging civil rights violations under 42 U.S.C. § 1983.  Graham proceeds *pro se* and *in forma pauperis*.  The case is before the Court for preservice screening of the Complaint (ECF No. 1) pursuant to 28 U.S.C. § 1915A.[1]  Under § 1915A, the Court is required to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

The case was directly assigned to the undersigned Magistrate Judge.  However, because not all parties to the action have consented to the jurisdiction of the undersigned, and some of Plaintiff's claims require dismissal, the Court enters its findings as a Report and Recommendation and the case will automatically be reassigned to United States District Judge Timothy L. Brooks. *See* 28 U.S.C. § 636(c); Rule 73 of the Federal Rules of Civil Procedure; General Order 2024-02.

### I. BACKGROUND

Graham is currently incarcerated at the Boone County Jail in Harrison, Arkansas.  His Complaint asserts one claim against four Defendants, alleging that during his incarceration they have violated his rights under the United States Constitution by denying him medical care related to his defective prosthetic leg.  *See* ECF No. 1, pp. 4–5.  As Graham is a pretrial detainee, *see id.*

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

1

at 2, this claim is presumably brought under the Fourteenth Amendment of the United States Constitution, *see Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014) (explaining that a pretrial detainee's right to medical care arises under the Due Process Clause of the Fourteenth Amendment but is governed by the same "deliberate indifference" standard that applies to convicted inmates under the Eighth Amendment). Graham's claim is brought against all Defendants in both their official and individual capacities. *See* ECF No. 1, p. 5. He is seeking compensatory damages and injunctive relief. *See id.* at 9.

## II.  LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe

the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up).  However, the complaint must still allege specific facts sufficient to support a claim.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  ANALYSIS

The Eighth Circuit has repeatedly held that "county jails are not legal entities amenable to suit."  *See Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003).  Accordingly, Graham's Complaint fails to state a claim against Boone County Jail.

### IV.  CONCLUSION

It is therefore recommended, pursuant to 28 U.S.C. § 1915A(b)(1), that Plaintiff's claim against Boone County Jail be dismissed for failure to state a claim.

This leaves for later resolution Plaintiff's claims against Defendants Turn Key Health, Turn Key Health Provider Newcomb, and Jail Administrator Nathan Jenkins.  By separate order the Complaint will be served on those Defendants.

**Status of Referral: This case should remain referred for all matters not recommended for dismissal in this report and recommendation.**

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **24th day of November, 2025.**

/s/ *Christy Comstock*
-------------------------------
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE